## CITY OF PASSAIC, APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., RESPONDENTS.

## CITY OF PATERSON, APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., RESPONDENTS.

Argued March 4, 1915—Decided June 14, 1915.

On appeal from the Supreme Court, whose opinion is reported in 84 *N. J. L.* 463.

On rehearing.

For the appellants, *George L. Record* (*Edward F. Merrey* and *Albert O. Miller, Jr.,* on the brief)..

For the respondents, *Frank Bergen* and *Thomas N. McCarter* (*Robert H. McCarter* and *Richard V. Lindabury* on the brief).

PER CURIAM.

The decision rendered on the appeal of the Public Service Gas Company, affirming the judgment of the Supreme Court for the reasons stated in the opinion of that court (84 *N. J. L.* 463), closes the record before us upon the writ of *certiorari* sued out by that company.

Two other records, however, are still before us for disposition in this litigation. They embody the judgments of the Supreme Court dismissing the writs of *certiorari* sued out by the cities of Paterson and Passaic, and the appeals from the judgment of dismissal in each case. The claim of these cities in those cases was that the rate fixed by the board was unreasonably high; the gas company resisting this, maintained that it was not. The Supreme Court, as will appear by its reported opinion, refused to consider this question on the merits, taking the view that the only form of action was *man-*

*damus,* and that even that remedy was inapplicable, as it would amount to dictating in advance to an inferior tribunal what judgment it should pronounce. 84 *N. J. L.* 465. On the former hearing we assented to that view. Further consideration leads us to the conclusion that it was a mistaken one.

When the litigation, consisting of three separate actions, is analyzed, it will appear that the gas company on the one hand, in its suit, challenged the determination of the board as having fixed an unjust and unreasonable rate in that it was too low; while the two cities, in their separate and independent actions, challenged it as fixing a rate claimed by them to be unjust and unreasonable in that it was too high. Each party was entitled to a formal determination of the claim advanced by it. The judgment on the claim of the gas company in its suit was no adjudication of the claim of the cities in their suit. Their position will be made clearer if it be assumed that the gas company had accepted the rate fixed by the board. Looking at the history of the litigation, we find that the company was charging a rate fixed by itself; the cities complained to the board that it was much too high to be just and reasonable. The board awarded part of their claim and denied the rest. They were then in the position of a plaintiff who has obtained judgment for part but not all of what he claimed, and is legally aggrieved by a denial of the remainder. They were as much entitled to challenge the determination of the board, as if it had sustained the company's rate without modification. We think, therefore, that the Supreme Court should have judicially determined the cases presented by the writs of the cities on their merits; and if it adjudged the rate not unreasonably high it should have affirmed the order on the writs of the cities; if it found that the rate in fact was unreasonably high, its duty was so to declare, and to set aside the determination of the board, at least so far as it involved a finding that the ninety-cent rate was not too high, and remand the matter to the board for further hearing and determination.

The question remains as to the disposition of the present appeals. Our view being that the dismissals by the Supreme Court were erroneous, the judgments on the city writs must be reversed; and if the Supreme Court had not considered the facts and expressed its views fully thereon, it might perhaps be necessary to remand the case to that court to the end that it should find the facts, as in the first instance it should do. But in the present litigation, taken as a whole, the facts have all been found. The petitions of the cities were heard and decided together by the utilities board; the *certioraris,* three in number, were heard and decided together by the Supreme Court; and having before us the opinion of that court in which the facts are fully found for the purpose of the company's *certiorari,* it would be a work of supererogation and a waste of time to require that court to repeat what it has previously found on precisely the same evidence in a cause to which these same litigants are parties. We therefore treat the findings of the Supreme Court for the determination of the gas company's case as its findings in the cases now before us.

Turning, then, to the opinion of the Supreme Court it will be seen that that court considered somewhat exhaustively and pronounced its finding of the facts involved in every point made by the cities on their appeals. This is the case with respect to limiting value to cost of reproduction (84 *N. J. L.* 475) ; value derived from consolidation of plants (page 477) ; total value of tangible property (page 476) ; allowance of thirty per cent. for going value (pages 476, 479) ; franchise, which the Supreme Court disallowed (page 482) ; good will, which the board rejected; rate of return, which at no stage of the case has been seriously questioned, the board having fixed eight per cent. and the cities inclining toward seven per cent. but expressly conceding in their brief that some discretion must be exercised by the commission; and outstanding securities, as to which the opinion of the Supreme Court is as favorable to the cities as could be asked (pages 482, 485). The treatment of these phases of the case by the Supreme Court reveals plainly the view of that court

that the valuation was substantially correct on both sides, the rate of return fair, and the resulting rate to consumers fixed by the commission fair both to the company and to the consumers. In that view we concur.

An additional point was raised at the reargument, to wit, that as the commission allowed the company a return of eight per cent. on a valuation of approximately five million, and it appeared that the public markets would capitalize this income at five per cent. in dealing with the securities, the real value set by the commission is eight million. But the evidence relating to five per cent. capitalization, as counsel admit, is based on an unregulated rate and not a regulated one, and is therefore of little or no value in an inquiry of this character.

The judgments of the Supreme Court brought up will be reversed, and on the *certioraris* prosecuted by the cities the order under review will be affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, JJ.   10.